HENRY T. IREYS ET AL. v. FRANCIS M. WALLACE.

PROMISSORY NOTE. *Indorser. Presentation to maker. Burden of proof.*

The failure of a holder to present a promissory note to the maker for
payment releases the indorser thereof, in the absence of evidence
excusing such failure.

FROM the circuit court of Washington county.

HON. FRANK A. MONTGOMERY, Judge.

Ireys and others, the appellants, were the plaintiffs in the
court below; Wallace, the appellee, was there the defendant.
The facts are stated in the opinion of the court.

*Jayne & Watson* and *F. E. Larkin*, for appellants.

*Thomas & Boddie*, for appellee.

Argued orally by *H. C. Watson*, for appellants.

TERRAL, J., delivered the opinion of the court.

The plaintiffs, as indorsees of several promissory notes made
by W. R. Hornsby and payable to F. M. Wallace, sued Wal-
lace as indorser on said notes, and, as an excuse for the want of
a presentment of the notes to the maker, Hornsby, for payment,
and of notice to Wallace, the declaration alleged that when said
promissory notes became due and payable said "Hornsby had
long since departed this life, intestate and insolvent, and with-
out a residence in Washington county, and leaving no personal

or legal representative'' to whom a presentment of said notes could be made.   There was proof on the trial that Hornsby was dead, but there is not a scintilla of evidence that he left no domicile in Washington county, or had no personal representative.   A peremptory instruction was given for Wallace.   The contract of the defendant as indorser was conditional—*i. e.*, he was bound to pay the notes to the holder, on notice of nonpayment by the maker, if duly presented to him.   And where the holder has not alleged presentment and notice, he must allege some excuse therefor.   Chitty on Bills, 576.   The plaintiffs alleged a good excuse for want of presentment and notice, but they offered no legal evidence of such excuse.   Chitty on Bills, p. *241, note 4 ; *Ib.*, *576 ; Story on Prom. Notes, secs. 253, 254.   We think that Wallace was discharged of his contract, and that the jury were rightly instructed.

*Affirmed.*